

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| M.B., *a victim of sexual assault*, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION 5:24-4105-MGL |
| | § | |
| EAST CAROLINA COMMERCIAL | § | |
| SERVICES, LLC, and JOHN DOE | § | |
| EMPLOYEE(S) OF EAST CAROLINA | § | |
| COMMERCIAL SERVICES, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

## I.     INTRODUCTION

Plaintiff M.B. (M.B.) filed this negligence lawsuit against Defendants East Carolina Commercial Services, LLC (East Carolina), and John Doe Employee(s) of East Carolina Commercial Services.  East Carolina contends the Court has diversity jurisdiction over this matter in accordance with 28 U.S.C. §1332.

Pending before the Court is M.B.'s motion to remand.  Having carefully considered the motion, the response, the reply, the notice of removal, the record, and the applicable law, the Court will deny M.B.'s motion to remand.

## II.  FACTUAL AND PROCEDURAL HISTORY

The following chart lays out the relevant dates and events that are necessary for the Court's consideration of M.B.'s motion to remand.

| | |
|---|---|
| May 1, 2019 | The purported negligence by East Carolina lead to an alleged incident that occurred on or about this date. |
| June 27, 2020 | East Carolina filed a voluntary petition for bankruptcy on this date such that it was subject to the automatic stay provisions of the United States Bankruptcy Code, 11 U.S.C. § 362(a), which the Court details below. |
| September 22, 2020 | M.B. filed this action in the Court of Common Pleas for Orangeburg County, South Carolina. |
| October 5, 2020 | M.B. attempted to serve the summons and complaint for her lawsuit on East Carolina via certified mail. |
| November 20, 2020 | M.B. requested entry of default against East Carolina. |
| December 3, 2020 | An order of default was entered. |
| January 22, 2021 | The automatic stay referenced above was lifted. |
| May 1, 2022 | The three-year statute of limitations for M.B.'s negligence claim expired. |
| October 13, 2022 | M.B. contends it served East Carolina with a notice of damages hearing. |
| November 30, 2022 | The state court conducted a damages hearing. |
| April 3, 2023 | The state court issued an order finding in favor of M.B. and entering default judgment in the amount of $1,200,000, plus $600,000 in punitive damages. |
| November 30, 2023 | This is the first date East Carolina says it was aware of the lawsuit. |
| December 22, 2023 | East Carolina filed a motion to set aside the default and default judgment. |
| June 24, 2024 | The state court granted East Carolina's motion to set aside the default and default judgment. |

| | |
|---|---|
| July 23, 2024 | After M.B.'s second attempt, East Carolina accepted service of the summons and complaint in this action. It removed the case to this Court on the same date. |

After East Carolina removed the case to this Court, M.B. filed the motion to remand, East Carolina filed a response in opposition, and M.B. filed a reply in support. The Court, having been briefed on the issues in this case, will now adjudicate the M.B.'s motion to remand.

### III.     STANDARD OF REVIEW

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant." *Id*. § 1441(a). "Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.*

### IV.     DISCUSSION AND ANALYSIS

M.B. contends in her motion to remand East Carolina's "[r]emoval is beyond one year after the action was commenced (on or about October 5, 2020) and thus, too late per the one year time period imposed by section 1446(c)(1) of Title 28 of the United States Code." M.B.'s Motion to Remand at 2. As per that rule, and as is relevant here, "[a] case may not be removed . . . on the basis

of jurisdiction conferred by section 1332 more than [one] year after commencement of the action[.]" *Id.*

M.B. further maintains she "did not have knowledge of [East Carolina's] bankruptcy until it filed its motion to set aside default judgment. . . . [East Carolina has] cited no law indicating . . . service is not effective while a defendant is in bankruptcy, particularly when [M.B.] has no knowledge of the bankruptcy." M.B.'s Reply at 1. According to M.B., East Carolina has "no explanation for not recognizing service in November 2020[,] and notifying [M.B.] at that time of the bankruptcy." *Id*. at 2.

In response to M.B.'s motion, East Carolina insists M.B. "incorrectly argues . . . this lawsuit was filed and served on East Carolina on October 5, 2020, within the statute of limitations, and that East Carolina's removal is untimely." East Carolina's Response at 2. According to East Carolina, M.B. "fails to acknowledge East Carolina's bankruptcy and the automatic stay . . . was in effect from June 27, 2020 through January 22, 2021." *Id*.

The Court looks to the South Carolina Rules of Civil Procedure to determine when the commencement of an action occurs." *See Bush v. Cheaptickets, Inc*., 425 F.3d 683, 688 (9th Cir. 2005) ("Commencement" in [the removal] context refers to when the action was initiated in state court, according to state procedures.").

According to the applicable rule in South Carolina, S.C. R. Civ. P. 3(a),

> [a] civil action is commenced when the summons and complaint are filed with the clerk of court if:
>
> > (1) the summons and complaint are served within the statute of limitations in any manner prescribed by law; or
> >
> > (2) if not served within the statute of limitations, actual service must be accomplished not later than one hundred twenty days after filing.

4

*Id*.

M.B.'s October 5, 2020, attempt to serve East Carolina with the summons and complaint was well before the May 1, 2022, expiration of the three-year statute of limitations for M.B.'s negligence claim. Thus, at first blush, it might appear this lawsuit commenced on October 5, 2020.

But, as the Court noted above, on June 27, 2020, East Carolina filed a voluntary petition for bankruptcy. Accordingly, it was subject to the automatic stay provisions of the United States Bankruptcy Code, 11 U.S.C. § 362(a)(1), which "operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against that debtor that was or could have been commenced before the commencement of the case under this title or to recover a claim against the debtor that arose before the commencement of the case under this title." *Id*.

"Actions taken in violation of the automatic stay are void and without effect." *In re McWhorter*, 37 B.R. 742, 745 (Bankr. D.S.C. 1984). Thus, because of the automatic stay, M.B.'s October 5, 2020, attempt to commence this lawsuit by serving East Carolina with the summons and complaint was "void and without effect," *id*.

As such, because the Court is unable to agree this lawsuit commenced on October 5, 2020, Section 1446(c)(1)'s mandate that "[a] case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than [one] year after commencement of the action[ ]" is inapplicable to the facts of this case. Consequently, the statute fails to bar the removal of this lawsuit.

Concerning M.B. saying she was unaware of East Carolina's bankruptcy, as the bankruptcy court in this district has long held, "the automatic stay goes into effect when the petition for relief is filed, not when the creditor learns . . . the petition has been filed." *In re Clarkson*, 168 B.R. 93, 94 (Bankr. D.S.C. 1994). In other words, under § 362(a), the automatic stay is effective upon the filing of the petition, even if the creditor lacks actual notice of the petition. Therefore, even though

5

M.B. lacked notice of East Carolina's bankruptcy case, the automatic stay that was in effect at the time M.B. attempted to commence this lawsuit prohibited M.B. from doing so.

Given that these determinations are dispositive, it is unnecessary for the Court to discuss the parties' remaining arguments. *See Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 348 (2022) (Roberts, C. J., concurring in judgment) ("If it is not necessary to decide more to dispose of a case, then it is necessary not to decide more."); *see also Karsten v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest dicta.").

For the reasons the Court gave above, it will deny M.B.'s motion to remand.

### V.    CONCLUSION

In light of the discussion and analysis above, it is the judgment of the Court M.B.'s motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Signed this 11th day of February, 2025, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE